Felix v. California State Prison Good morning, Your Honor. David Porter from the Office of the Federal Defender in Sacramento. I represent Jacoby Lee Felix. There are two primary issues in this case. The first is, what does the term sane conduct transaction or occurrence mean in Rule 15c? And the second issue is, does this mean anything different in the habeas context than it means in every other civil context? Now, the Respondent's position in this case is that because the claims arise from statements made by different individuals at different times and different circumstances mean that there is no relation back here. This is demonstrably wrong. In a case issued by the Supreme Court at the very end of the term that was filed after the Respondent's brief was filed, in this case Chavez v. Martinez, the Court very clearly held that the right against self-incrimination is a trial right. The police apparently in this country can coerce you as much as they want to get you to incriminate yourself. So says so, say, five justices of the United States Supreme Court. That is not a constitutional violation until the prosecutor offers that statement in the trial. When did that happen? At Mr. Felix's trial. The statement by Kenneth, the other witness, Kenneth Graham, was made, was introduced into the evidence at the trial. That is, we allege that's a violation of the right against the right to confrontation. That right to confrontation does not exist outside of the trial. As Pennsylvania v. Ritchie says, the Supreme Court says, that is a trial right. So each of these constitutional violations happened not with different individuals, the prosecutor who introduced the evidence, the judge who allowed the evidence to come in, and Mr. Jacobi's, Jacobi Felix's lawyer who objected to both of the statements. Those are the same individuals. It didn't happen at separate times. It didn't happen four months apart. That's when the statements were made. The constitutional violation happened at the same time during this trial. And there were no different circumstances. There were the same circumstances. The prosecutor offering evidence in its case against the defendant in violation of the Constitution, permitted by the trial court, and objected to by the defendant. You know, your argument makes perfect sense under 15c2. I, we've got some circuit cases, other circuits mostly, that don't articulate why they have a special rule for habeas corpus, but it could be that they think that there won't be much left of AEDPA's one-year limitation if relation back is allowed in habeas the same way it is in other civil cases. And do you want to address that question? Yes, Your Honor. I appreciate your opportunity to answer that. There are two things I remember from civil procedure class in law school. One was in Pnoyer v. Neff Neff 1. And the other was that the same transaction, a conduct transaction and occurrence test is the broad, is one of the broadest ones in the law. But I think the question that Judge Canby asked you, which is the same issue that's bothering me, is, is habeas different because of the fact that the trial has already occurred? This is not a typical civil case in the sense that parties are framing the issues in advance for an upcoming trial. And as a trial judge in a civil case, we look at issues like whether or not adding a new claim or defense will surprise the other side to its prejudice and it won't be able to effectively meet that claim or defense at trial. Here the issue is, you know, will the state achieve finality of its judgment or will that prior trial judgment be overturned because of a constitutional violation? And to echo Judge Canby's question, isn't that a different situation from the typical Rule 15 relation-back issue that our courts face? The traditional relation-back doctrine would not eviscerate the ADPA statute of limitations in habeas cases. First of all, there's only one judgment that you're allowed to challenge in a habeas action. So if there are other State court judgments that want the defendants trying to add in, he can't do that. Those will be excluded. That's not responsive to my question because it seems to me that this is a different animal. It's not your typical civil case. That's the concern I'm having. Habeas is different than the run-of-the-mill pretrial Rule 15 motion where a party seeks to amend its complaint to add a new cause of action. No doubt it's different, Your Honor. But what I'm trying to get at is how is it different. And it's different in one way because the occurrence that you're challenging is the judgment, okay? And if you have a civil commitment, for example, you couldn't add that in. That couldn't be amended. No. I guess what I'm thinking is I wondered whether what was concerning some of those circuits, and they didn't articulate it, is the idea that, okay, ADPA requires you to file within a year after your State stuff's exhausted. Why do you file within a year? And courts are busy, and it sits there for a long, long, long time. And then a year and a half later, another claim is added, and that relates back. And so that's okay, even though it goes to the same trial. And then a couple years more, another one's added. Is that what they're concerned about? I don't know. I think they are concerned, but the concern is not warranted because you also have Rule 15a. And 15a provides broad discretion in the district court to not allow amendments when they are unduly delayed, when they are futile, when there has been evidence of bad faith on the defendant's part of the movement's part. So there are numerous ways to address those concerns. And that's what the holding of this Court was in Ford v. Hubbard in that footnote where it talks about that's a 15a issue, not 15c issue. First, I suppose that even in every civil case, the only real importance of the rule of relation back is to defeat a statute of limitation. That's not the sole issue, Your Honor. It's a very common one. It's a very common one. You're right. So it wouldn't be unusual to defeat a dead person. In Miller v. Laird, Your Honor, the case that we cited about the court-martial, that's probably the only case you'll see 15c applied in a habeas corpus before the ADPA, because you're right, most of them involve statute of limitation. That one involved jurisdiction. Can we get it back to the original petition that would involve jurisdiction? And in there, the court – this Court said that there are the same transactions that underlie both petitions, and yet there were clearly different factual situations. The first one involved the underlying order to go overseas. The second one involved the court-martial. Those are different facts. But the transaction that was the basis of the habeas corpus petition was his unlawful custody in violation of the Constitution. But that would seem to ignore, wouldn't it, the limitation provided by ADPA? I mean, let's take the two issues that you want to raise here. Let's suppose that the first claim raised simply the Confrontation Clause issue, that I was unfair – I didn't get an opportunity to effectively confront this witness. And then a year and a half later comes the issue, well, there's also a Fifth Amendment concern here, and that is that the statement that I gave to the police was unfairly admitted against me. I mean, it does seem that if the test is as broad as you urge, that there would be no limit to when those claims could be asserted, because you would say, well, they all arise out of the same trial, and they were all part of the evidence that was used to result in my unconstitutional incarceration. First, Your Honor, in terms of the facts, this case, only four months. No, no, but I'm saying, but – But in response to your hypothetical situation, as I said before, 15a really addresses that concern. What language do you see in 15a? Do you have it in front of you? I'm looking at the – I don't. But 15a, the way it's been interpreted repeatedly by this Court, and we cited in the briefs, there are four factors, nonexclusive factors, that the Court can look to in exercising its discretion to allow a party to amend after an original pleading. And those factors are undue delay – I forget the four. Undue delay, bad faith, futility, and there's one other that they list. But there can be others. But that is the discretionary aspect that – that addresses the implied concerns of those other courts. But for habeas, then, should we then now announce a fifth factor, and that is the one-year statute? In other words, it must be within one year of the filing of the original petition. No. Then you're getting back to – you're saying that the statute of limitations is in the nature of a jurisdictional defense that doesn't – Let me interrupt, if I can. Isn't your answer that AEDPA is not the only statute with a statute of limitations? I mean, we apply Rule 15a and Rule 15c all the time with respect to statutes of limitation. I mean, it is by definition aimed at statutes of limitation, and AEDPA has one. Almost every other statute that I'm aware of has one. Habeas didn't used to, but it now does. So there's a statute of limitations. That's what 15c is for. Judge Easterbrook stated it almost as eloquently as you just did, in the L's of case. Well, if he was almost as eloquent as I was, he is a poor schmaltz. But, Your Honor, I did prepare a chart that encapsulates – have you seen this? I saw it this morning. It's all right that we see this? Actually, I think it's sort of my way of thinking. You know what I'd like you to do? Please relate back. You know what I'd like you to do? Would you please give that to the clerk, and then if, upon agreement of counsel, we'll see those, or if there's no agreement by motion. Yeah. They clearly relate back to my brief, Your Honor. Okay. They come up from the same time frame. And they're asking for Rule 15 amendment of your brief. In your discretion, Your Honor. But the point of this is that Judge Easterbrook, when he described compulsory joinder and permissive joinder, was talking about Rule 15c and how it applies to statutes of limitations. And he said, look, if a person, if an inmate is challenging their sentence, they could challenge it in ten ways. But what are they challenging? They are challenging the sentence. That is the conduct, transaction, or occurrence that is the subject of Rule 15c. So, therefore, as long as they have a habeas petition pending, for however long it takes the district court to adjudicate it, let's say two and a half years, that the petitioner would be permitted to add additional claims even if it was well beyond the one-year statute of limitations. Subject to Rule 15a and subject to Rule 15c, they have to arise out of the same conduct, transaction, or occurrence. So that civil commitments, jail and prison conditions, those don't arise from the judgment, parole denials, sentence credits, miscalculation of sentence credits, all those types of amendments could not relate back under 15c. At a kind of the next level, what Judge Easterbrook was talking about, well, if it goes to the sentence, maybe it's not the same if it goes to the sentence as it goes to the conviction. Maybe that's a level that the Court wants to draw the line at. But we're even further than that. It's not just errors that go to the conviction in our case. It is a very discreet occurrence that we're talking about, the prosecutor's submission of evidence in the trial before the jury that is in violation of the Constitution that the trial court allows over the defendant's objection. Is this a question of first impression in our circuit? It is, Your Honor. Okay. Let me ask from your own experience, how often does it happen that the habeas Petitioner will file a pro se petition? The district judge appoints an attorney. The attorney looks at the case and files an amended complaint after sufficient time for investigation has gone past. That is a very common occurrence, Your Honor. And how often does it happen that the petition filed by the pro se Petitioner, then pro se, is, you know, within a month or two of the statute of limitations and the amended petition, once the lawyer gets a chance to look at the case, is filed, say, a few months after the one year has passed? I mean, that's the case. That's this case. I'm trying to figure out how often this happens. I do exclusively appellate and habeas, and that is a very common occurrence, Your Honor. So if we were to have a restrictive sort of claim-by-claim notion of 15c2, that would mean that the lawyer's work would, in many of these cases, be thrown out the window. Totally futile. And that is the point that the case of Dykes, D-Y-K-E-S v. Lampert, makes that we've cited in our brief. That is a district court opinion. That district judge is very familiar with the procedures that you're talking about, the timetables that you're talking about. That is a very instructive case, and he makes that point. What do we do with the – and again, I'm not sure you do capital litigation. The Supreme Court's recent decision this last spring in Garceau, the practice previously in this circuit had been that for purposes of the one-year statute, all the litigant needed, all the petitioner needed to do was file a notice of intent. The Court says, no, that's not enough. You've actually got to file your petition in a capital case. Motion for appointment of counsel. Yes, Your Honor. Now under Garceau, you have to file the petition. Right. None of those preliminary steps are sufficient to toll the statute. That is correct. What's that going to do in capital cases if you can't amend? I mean, you file your capital petition. These are long, complicated, difficult cases. How often does it happen that you amend the complaint after the one year has passed, given that the first – given that the first complaint, the first petition was timely  Does that happen often in capital cases? Your Honor, I don't practice in capital cases, so I can't honestly answer that. But I do know there – a part of our office is one floor above us, and those people burn the midnight oil. And I would be very surprised if after four or five months of investigation and they scour the country for looking for mitigation evidence, it would surprise me greatly if they didn't amend the petition to include claims that were not raised by a pro se. Well, I assume you have the same problem in non-death penalty cases, that getting the record can be a real problem. That's correct. And it takes time. Of course. Yes. I'd just like to briefly address the out-of-circuit authorities relied on by the Respondent. I urge this Court not to follow the Dufus case in the Dufus Court. I urge this Court not to follow Craycraft, which seems to be the origin of these notions. In Craycraft, the amended claim that was sought to be added was the ineffective assistance of counsel for failure to file a notice of appeal. At footnote 3 on page 456 of Craycraft, the Court stated, Craycraft stated on page 2 of his original motion that counsel for petitioner failed to file an appeal. However, he merely mentioned the assertion in passing and did not raise it as an independent ground of relief. So this is fact-based pleading, we're told, in habeas. He mentions the fact in his original petition. The Court refuses to relate back the notice of appeal, failure to file a notice of appeal claim, because it's only mentioned. What does the Court expect it to do, the petitioner, to do in the original complaint, file exclamation points or underline it or bold score it? Those are the same facts. And yet Craycraft said, no, that doesn't relate back, which is directly contrary to this Court's precedent in Rule 15c that says you can change theories of relief. In the Kern Oil case, we pointed out that there were contract and fraud claims that were amended three years after the original pleading. The original pleading only alleged a violation of Federal regulations. So, of course, there were different facts that were put in the amended pleading. You have to plead up the contract. It has nothing to do with the Federal regulation. You have to plead up scienter for a fraud violation. There's nothing about scienter in a Federal regulation or requirement for that. So, obviously, new facts were entered by the amended complaint. But the question is, is there a core of operative facts that are similar? And if there are, then it meets the Rule 15c requirement and should relate back. I'd like to reserve the one minute for rebuttal. May it please the Court. Deputy Attorney General Matthew Chan here on behalf of the public responding. Petitioner's position that the conviction and or sentence constitutes the transaction or occurrence has been rejected by several courts, as this Court is well aware. It was rejected in United States v. Pittman out of the Fourth Circuit, saying that such a broad view would undermine the limitations set forth in the AEDPA. It was also rejected in United States v. Hicks, which is a D.C. Circuit case. There, the Court noted it would be difficult to square with Congress's decision to expedite collateral attacks. Now, Petitioner has mentioned that Rule 15a would solve some of the problems, the concerns about AEDPA. Is this a question of first impression in this circuit? It is if this Court is going to determine the exact meaning of conduct, transaction or occurrence within habeas corpus proceedings. Okay. Okay. And you say that despite Ford? Excuse me? And you say that despite our opinion in Ford? Despite the opinion in Ford and despite the previous announcements in this Court regarding the central policy of Rule 15c, which is to ensure that nonmoving parties are given sufficient notice of facts and claims which give rise to the proposed amendments. And this Court in Percy v. San Francisco General Hospital stated that fairness to defendant demands that defendant be allowed, excuse me, that defendant be able to anticipate claims that might follow from the facts alleged in the petition. Now, in this case, we've got, in my view, the conduct, transaction or occurrence is the admission of these partial statements, excuse me, the partial videotape transcript of Kenneth Williams, which was introduced during Kenneth Williams' cross-examination and direct examination during one day of trial. And, of course, the second claim deals with the introduction of alleged involuntary statements of the petitioner on another day of trial. So the question to ask whether this should relate back is, does the first claim – I mean, can you anticipate the claim dealing with the alleged involuntary statements based on what was alleged in the first claim? And I think the answer is no. I don't think you can anticipate that. Now, does this claim-by-claim approach that you're following and, I have to say, some of the other circuits are following, does that confuse the exhaustion requirement with the relatedness requirement of 15c2? I'm not sure. You say you've got to raise the claim to exhaust it, and a different claim coming out of the same conviction is not exhausted. Well, that's true. That's clearly how exhaustion works. But is that how 15c should work? Because it doesn't say claim. It says conduct transaction or occurrence. You're correct, Your Honor. But if we expand it as far as petitioner would like to expand it, that it means the conviction or sentence, then just about anything in a habeas corpus proceeding will come in so long as it's the same case. Yes, I think that's right. That's that unreconstructed liberal Frank Easterbrook. Well, Your Honor, I think the problem with that is that it does go against the pronouncement of Congress to expedite a collateral tax and giving them only one year to do so. But how is that different? Now, this is very interesting because this is precisely, of course, your version of the same conversation we've already had. How is the fact that we have a one-year statute of limitations in AEDPA different from the fact that we've got a statute of limitations in all these other civil cases  That is to say, that's a desire to expedite. It's a desire to say, listen, you've got to bring it. And 15C allows you to relate back. But so long as you've already filed on time and so long as the person, the defendant has noticed that this is coming out of the same transaction, occurrence, or event. I mean, how is habeas different from the ordinary civil case statute of limitations? It's different because with AEDPA, you are dealing with habeas corpus filings, which does have this finite, which does have this finite, if you label a transaction, occurrence, or conduct, it's always going to be the conviction sentence. But in other civil cases. Did I hear you right? I want to make sure I heard you right, give you a chance to retract. You said if you say transaction, occurrence, or conduct, it's always the sentence? Well, in Petitioner's view. Oh, okay. But you don't have that sort of correlation with other civil cases. And what I want to do is get back to, why don't you have that other correlation with civil cases? That is, in Judge Easterbrook's view in Ellazee, he looks at other transactions and so on. For example, you could have a transaction in a civil case where there is a judgment. Someone acts in violation of the judgment, and I bring a lawsuit because somehow he is bound by the judgment. Well, okay. So everything involved in that judgment is within the transaction. The Percy case is an example. Percy v. San Francisco General Hospital. There you had an action against a city for unlawful termination. Thereafter, another claim was sought to be added dealing with the hearing that was conducted to allow him to be terminated by the hospital. This Court held that, well, those are different transactions. Sure. Those don't deal with the same thing. However, if you were going to follow the analogy, the wrong that he sought to correct was he was unlawfully terminated. Well, if he was unlawfully terminated, I mean, the second claim should relate back just as the first claim did, because the second claim allowed him to be unlawfully terminated. Let me ask it this way, because I think we're right down in the nub of it here. One of the things that the statute of limitations is concerned with, and 15c2 and 16b to avoid the statute is concerned with, is fair notice, fair notice to the defendant that he, in fact, is going to have to defend something. Now, why do we not have why do we have a fair notice problem in habeas when we seek to expand the petition beyond the claim that was originally in the first petition? Why is there not fair notice to the defendant that this is a potential claim against the defendant? Simply because there has been an initial claim as to the conviction and sentence. You're saying that once that initial claim is made, then why doesn't have the defendant have fair notice that other claims will be brought regarding what the challenge is? Or the nature of those other claims? I think that's just way too broad, Your Honor, because in that situation, you could say, well, fair notice, something is going to be brought against you in this case. But doesn't the exhaustion requirement mean that for the petition to be available to the those claims already were brought in the State court against the State? That is to say, they've seen the claims, they've litigated the claims. So once the petition is filed, the petition is going to be confined to exhaustion claims. Why is it not fair notice that anything within the permissible scope of the exhausted claims, if they're not exhausted, that's a different question. Are you with me? Would that be true for ineffective assistance of counsel claims as well, which would presumably be based upon actions that might be beyond the record of the trial proceedings? I don't think it would, Your Honor, because the petitioner would be allowed a chance for expansion of the record. Are you saying that ineffective assistance of counsel claims don't need to be exhausted? No, no, no. What I'm saying is that no, I didn't say that, Your Honor. What I'm trying to get at is that for ineffective assistance of counsel claims, you're not just restricted to the record. So as far as the notion of fair notice, the defendant, the nonmoving party may not have notice of what's coming because the facts themselves may not have been developed unless or fully developed until you're in federal court. In the statute of limitations issue and outside of habeas under 15c2, the requirement is not of notice of all the evidence. The requirement is notice of the nature of the claim. I mean, because, you know, we get discovery. I mean, we learn the evidence after a while. All that we require is at the time of filing that within the scope of the complaint that there is notice and that when you do 15c to relate back, okay, what's the transaction or occurrence or conduct that was the subject of the complaint, and the relation back doctrine is confined to that. But it's not confined to evidence because you don't have any evidence. Well, Your Honor, again, I don't think that the other courts not only disagree, but this Court in the analysis of Ford v. Hubbard implicitly indicated that's not how you look at relation back. In that case, you had initial petition which did claim errors dealing with the admission of inadmissible evidence. There were – there was an amended petition, and this is in the Weed case, the Weed petition part of the Ford v. Hubbard. There were additional claims dealing with admission of other inadmissible evidence. But this Court ruled that, no, those new claims do not relate back to the old claims. Yeah, it's a little hard to tell why. I – because some claims are allowed to relate back. Well, I think the claims that were allowed to relate back in that case were the claims that were already stated. So – It was prevented from pursuing at the time. Exactly. Because I – when he says at this late date, I don't know whether that's a discretionary refusal because you just raised it too late or whether there's some sort of a rule that you can't relate back. It's not awfully clear. Well, just – I wanted to make the distinction between Rule 15a and Rule 15c. The Petitioner is saying that, well, the considerations of AEDPA can be incorporated in the court's review of 15a. Well, there's two reasons why I don't think that's sufficient. One is that 15a does allow for automatic amendment before a response of petition is filed or before a response of pleading is filed. The second is that 15a allows court – the court discretion to amend. And that discretion, as Petitioner has pointed out himself, is liberally applied. Excuse me. Leave shall be freely given when justice so requires. This allows – because of its discretionary nature, it does allow the court to make the wrong decision and allow – and use its discretion to allow amendment when it shouldn't be allowed and couldn't be allowed under Rule 15c. Well, I'm not sure that's right. The way 15 works is that, assuming there's been an answer and, therefore, you need the court's permission, and that's the only time you need the permission, the court grants permission, that doesn't mean that you get 15c too. That's a separate inquiry. Well, you're right, Your Honor. But what I'm saying is that if conduct transaction recurrence means – has a meaning as broad as Petitioner says it means, then there is no protection under – as far as AEDPA concerns, because 15a doesn't protect against the filing of claims that are beyond the statute of limitations as 15c would. Well, but that's – that's why 15a and 15c are written that way. 15a is designed to allow the district judge with an on-the-ground sense of the litigation and the fairness of what's going on to say to the plaintiff, you are too late. Dollars short and a day late, I will not allow you to amend. And that's within the district court's discretion, and I think the rule is properly written because it's hard to formulate a general rule that will take that into account and the system and trust the district court with the protection and balancing of the interests of the plaintiffs and the defendants. Once 15a – once the judge allows it in under 15a, then the judge, if it's a statute of limitations questions, inquires whether the test of 15c2 is met. If it's not met, well, okay, you let it in, but sorry, it still doesn't relate back. I mean, that's how the rule works. But when you say there's no protection, that's what the district judge's job is under Rule 15a. Well, Your Honor, I would like to point out that there are circuits that rule contrary to what Petitioner is suggesting, that the case that he has relied on, LC, I think can easily be said that stands for the proposition that when you assert a new theory, it may relate back if it's based on the same conduct, transaction, or occurrence. I don't think – and that's the way it distinguished itself from the other circuits. It did not distinguish itself by saying or declaring that transaction, conduct, or occurrence means the conviction or sentence. And if it had meant to say that – You're saying that's not what LC says? I don't think that that's what it – I don't think it purports to say that because if it did, then it would be contrary to what the Seventh Circuit said in another case, Rodriguez v. United States, which is cited in LC at 525. Now, in that case, it dealt with – Well, let me just read to you from LC. Now, we're not following LC. The question is what do we want to do. But this is Judge Easterbrook. A prisoner who comes up with ten different ways to conduct his sentence is still litigating about a single transaction or occurrence, the supposedly unlawful sentence. And he says – Say I'm in prison under an unlawful sentence, and I've got ten different claims as to why that's so. And he says that when he says – and that's basically what we held in the Johnson case. When you look at the Johnson case, that's not what was held in the Johnson case. In Johnson, you have the district court erred when it ruled that additional claims in a second amended complaint constituted a successive or second collateral attack that required approval, since those additional claims were made before the petition was finally determined by the court. In the Johnson case, it dealt with 15a. It did not deal with 15c. So you're accusing Judge Easterbrook of misreading his own precedent. Well, that may or may not be true, but I'm just reading Elsie. And then, of course, we're not bound to follow. So whatever Judge Easterbrook says. Well, I would point out, then, that it makes no reference to an earlier case that Elsie also cited to, which is Rodriguez v. United States. And in that case, the Court denied a request to expand a certificate of appealability to include an apprendi claim and noted that under the apprendi claim, the facts underlying the apprendi claim were unrelated to previously asserted IAC claims. So it does not relate back. So how do you reconcile Elsie and the Rodriguez case, which Elsie cites? And in Rodriguez, clearly, the Court did not think that the Seventh Circuit, the same Court, did not think that conduct transaction recurrence meant conviction in a sentence. What Elsie says about Rodriguez is that it was a 15a refusal to permit a late amendment. In fact, post-judgment amendment. I'm sorry, Your Honor? What Elsie says about Rodriguez is that Rodriguez was a 15a refusal to permit an amendment. And he says, our understanding, this is at Easterbrook in Elsie, our understanding of Rule 15c2 just permits and does not compel a district court to accept the amended complaint. Amendments still must be appropriate under the criteria of Rule 15a, which permits the district judge to consider the goals of that. Thus, in Rodriguez, we held that a district judge did not abuse his discretion in refusing to allow an amendment to the pleadings to add a contention based on Apprendi. The amendment was not proposed in Rodriguez until a few days after final decision had been entered. Well, the Rodriguez case itself, Your Honor, does refer to relate back. And it says that the Apprendi claim does not relate back and, therefore, is barred by the statute of limitations. I guess it can happen. And as far as the other case cited by Petitioner in the reply brief, the Dean case, that doesn't help Petitioner, because in that case, the initial petition was very broad, and the subsequent amendment was just to clarify what the initial petition was supposed to say. Of course, we don't have that here. It's not a clarification. It's a totally different claim. And in 15c, excuse me, and in Dean, the Court noted the cases of various circuits and said that, you know, they found that the untimely claim must have more in common than just being the fact that they rose out of the same trial, unless the Court has any additional questions. Roberts. Thank you very much. Thank you. Just three brief points, Your Honor. Ford v. Hubbard, a decision written by Judge Reinhart, in a paragraph that he addressed the situation, was not trying to preclude this Court from addressing the issues here. It's exactly the same point as Roberts. It does contain some troubling language. I'm sure that if Judge Reinhart were here, he might want to revise or amend that sentence, but you do have to agree that we have to get around some language in Ford v. Hubbard in order to rule in your favor. One would have to explain it, Your Honor, and I think the same thing that Judge Canby said about Rodriguez applies here. That was a 15a, and it simply held that three years, an amendment offered three years after the original 15a. 15a, even though he mentions 15c? He might have made a typographical error. As I say, he might want to make a slight amendment to his language. The second point, Judge Tallman points about IAC. It's a good issue there. It doesn't apply in this case, however, because the IAC claim was solely against appellate counsel for failing to raise it. It was actually raised very early on. The thing about notice is a red herring. The third point is that there is a reason why 15a is liberally to be liberally construed, why the courts prefer decisions on the merits instead of technicalities and pleadings. And I would hope that this Court would instruct the magistrate court. The magistrate court said, The undersigned concludes that because the limitations issue is so clearly decided in favor of a respondent, and because constitutional issues should be avoided if there is another way to decide the case, no decision on the merits should be made. Now, what is that attitude of a person reviewing habeas cases? Of course, constitutional avoidance says if you have a statute that can be construed in several ways, blah, blah, blah. It doesn't apply here. I must say your statement that we prefer decisions on the merits does seem to have been frustrated totally and habeas for years. It would, however, make the magistrate's job much easier if that were the rule. You know, I think this Court is fully versed in the issues, and I ask that the Court not follow the doofus court to reverse the district. I don't think we've followed a doofus court in our lives. We may have been called that. Not by me, Your Honor. To reverse the judgment of the district court and to remand the case for consideration of the merits of this habeas corpus petition. Thank you. Thank you both. It was very well argued. Very helpful. The case of Felix v. California State Prison is a complicated and interesting case, and we thank you both for your able arguments.
judges: Canby, W. Fletcher, Tallman